IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SHANE BAKER,**

        **Plaintiff,**

  vs.                                      Case No. 2:13-cv-0034
                                                    Judge Smith
                                                    Magistrate Judge King

**JOEL E. KAYE, M.D.,** *et al.*,

        **Defendants.**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court for consideration of *Defendants' Motion to Dismiss*, Doc. No. 14, asking that this action be dismissed pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff opposes the motion, *Motion in Opposition to Motion to Dismiss* ("*Plaintiff's Response*"), Doc. No. 15, and defendants have filed a reply, Doc. No. 16.  For the reasons that follow, it is **RECOMMENDED** that *Defendants' Motion to Dismiss* be **GRANTED** in part and **DENIED** in part.

**I.    Background**

Plaintiff Shane Baker, formerly incarcerated at the Pickaway Correctional Institution ("PCI"), brings this civil rights action under 42 U.S.C. § 1983 against various employees of PCI and the Ohio Department of Rehabilitation and Correction ("ODRC").  *Amended Complaint*, Doc. No. 11, ¶¶ 1-3.  The *Amended Complaint* also alleges state law claims for medical negligence and violations of O.A.C. § 5120:1-8-19, O.A.C. § 5120:1-8-09, and O.R.C. § 5120.01.  The *Amended*

*Complaint* alleges that, on February 23 or 24, 2011, while plaintiff was incarcerated at PCI, he fell and broke his hand. *Amended Complaint*, ¶¶ 9-10. "Immediately after the fall," plaintiff "was sent to medical" where a "nurse" "x-rayed his hand, detected several breaks," "wrapped his hand in an ace bandage, and told him [that] he would be referred to a specialist." *Id*. at ¶¶ 11-13. A splint was also used. *Id*. at ¶ 34. Plaintiff was later "told by the doctor that he was denied treatment with a hand specialist." *Id*. at ¶ 14. As a direct result, plaintiff alleges, his hand became deformed, he experienced significant pain for ten months, and corrective surgery was required after his release from PCI to repair the deformity. *Id*. at ¶ 24.

**II. Discussion**

    **A. Fed. R. Civ. P. 12(b)(5)**

*Defendants' Motion to Dismiss* seeks dismissal of the claims against defendants Joel E. Kaye, M.D., Charles H. Muncrief, D.O., and S. Douglas Haas, M.D., pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. *Defendants' Motion to Dismiss*, pp. 4-5. Rule 4(m) of the Federal Rules of Civil Procedure requires service of the summons and complaint on a defendant within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). If such service is not made, the Court "must dismiss the action without prejudice against [the] defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

2

It does not appear that defendants Dr. Kaye, Dr. Muncrief, or Dr. Haas have been served with process, and plaintiff – who is represented by counsel - "has no objection to the dismissal of Defendants Kaye, Muncrief, or Hass." *Plaintiff's Response*, p. 1.  Accordingly, it is **RECOMMENDED** that the claims asserted against defendants Joel E. Kaye, M.D., Charles H. Muncrief, D.O., and S. Douglas Haas, M.D., be **DISMISSED** without prejudice.

**B.    Fed. R. Civ. P. 12(b)(6)**

Defendants John Gardner, Mary Roush, Mary Lawrence, and Dr. Andrew Eddy ask that plaintiff's remaining claims be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  "Factual allegations

3

must be enough to raise a right to relief above the speculative level[.]" *Id.* Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Plaintiff's remaining federal claims are asserted against John Gardner, Mary Roush, Mary Lawrence, and Dr. Eddy in their individual capacities. *Amended Complaint*, ¶¶ 25-32; *Plaintiff's Response*, pp. 1, 7 (representing that all of plaintiff's claims are against defendants in their individual capacities). John Gardner is identified as the Chief Medical Officer of the ODRC; Mary Roush is identified only as an employee of PCI; Mary Lawrence is identified as the Institutional Inspector at PCI; and Dr. Eddy is identified as a member of the Collegial Review Board of the ODRC. *Amended Complaint*. Plaintiff's federal claims are asserted under § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that causes (2) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983 merely provides a vehicle for

4

enforcing individual rights found elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Moreover, liability based on a theory of *respondeat superior* is not cognizable under § 1983. *See Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir. 2005); *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). In order to be held liable under § 1983, a defendant with supervisory authority must have either "encouraged the specific incident of misconduct or in some other way directly participated in it." *Turner*, 412 F.3d at 643.

In the case presently before the Court, plaintiff alleges that "[d]efendants" acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. *Amended Complaint*, ¶¶ 5, 25-32. The Eighth Amendment prohibits cruel and unusual punishment. To prevail on his claims against each defendant, plaintiff must prove that the defendant acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). This standard includes both an objective and a subjective component. The objective component requires that a plaintiff establish a "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires that a plaintiff "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). Although officials may not deliberately disregard a

5

medical need, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Nevertheless, "a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835). "Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Id*. (quoting *Farmer*, 511 U.S. at 836). Liability can result if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Defendants argue that the *Amended Complaint* does not allege facts sufficient to satisfy the subjective component of an Eighth Amendment deliberate indifference claim. *Defendants' Motion to Dismiss*, p. 8. The Court agrees with that determination.

The *Amended Complaint* alleges that defendants, "through their actions and acting under color of law, subjected the Plaintiff, and caused the Plaintiff to be subjected to, the deprivations of his rights, privileges, and immunities secured by the [Eighth Amendment to the] United States Constitution[.]" *Amended Complaint*, ¶¶ 27-28. The *Amended Complaint* further alleges that "[d]efendants were aware that [plaintiff] needed treatment for his broken hand, beyond the ace bandage that he was given, but ignored [plaintiff's] objective symptoms, self-reporting, and constant requests for medical

6

attention." *Id*. at ¶ 31.

The *Amended Complaint* does not allege any facts whatsoever in support of a claim that defendants Mary Roush or PCI Institutional Inspector Mary Lawrence either encouraged or directly participated in the claimed denial of medical care.  Indeed, the record does not even identify defendant Roush's position at PCI, nor does it allege that either defendant Roush or defendant Lawrence could have provided medical care to plaintiff.  Conclusory allegations that defendants violated plaintiff's Eighth Amendment rights and were "aware" that plaintiff needed additional treatment, *see id*. at ¶¶ 27-28, 31, are simply insufficient to state an Eighth Amendment deliberate indifference claim.  The *Amended Complaint* does allege that, while exhausting his administrative remedies, plaintiff "was refused access to grievances by Institutional Inspector Mary Lawrence." *Id*. at ¶ 20.  However, *Plaintiff's Response* clarifies that plaintiff has "no claim . . . based upon access to a grievance system." *Plaintiff's Response*, p. 7.  The *Amended Complaint* contains no other factual allegations against defendants Roush or Lawrence, and none whatsoever relating to any involvement on their part in plaintiff's medical treatment.  Accordingly, the *Amended Complaint* fails to state a colorable § 1983 claim against defendants Roush and Lawrence.

As to defendants Gardner and Dr. Eddy, the *Amended Complaint* alleges that these defendants were "aware" that plaintiff's injury required additional, specialized, medical treatment.  *Amended Complaint*, ¶¶ 27-28, 31.  The *Amended Complaint* also alleges that defendants Gardner and Dr. Eddy "were members of the collegial review

7

board and responsible for the denial of treatment by a hand specialist." *Id*. at ¶ 15.  These allegations are, in the view of this Court, sufficient to state a colorable § 1983 claim against defendants Gardner and Dr. Eddy.

The *Amended Complaint* also alleges state law claims for medical negligence and violations of O.A.C. § 5120:1-8-19, O.A.C. § 5120:1-8-09, and O.R.C. § 5120.01 against defendants, who are "employees" of PCI.  *Amended Complaint*, ¶¶ 2, 8, 32-38.  As an initial matter, plaintiff agrees that the claims under O.A.C. § 5120:1-8-19 and O.R.C. § 5120.01 should be dismissed.  *Plaintiff's Response*, p. 1.  It is therefore **RECOMMENDED** that plaintiff's claims for violations of O.A.C. § 5120:1-8-19 and O.R.C. § 5120.01 be **DISMISSED**.

As to plaintiff's claims under O.A.C. § 5120:1-8-09, the parties disagree whether § 5120:1-8-09 creates a private cause of action. *Defendants' Motion to Dismiss*, p. 11; *Plaintiff's Response*, pp. 6-7. Plaintiff argues that he "had an order from a jail physician for work with the hand clinic, but [that he] never received attention from the clinic."  *Plaintiff's Response*, pp. 6-7.  This alleged "failure to comply with treatment orders," plaintiff argues, "shows an adequate violation" of O.A.C. § 5120:1-8-09(G).  *Id*. at p. 6.

Section 5120:1-8-09 of the Ohio Administrative Code does not explicitly create a private cause of action. The regulation applies to full service jails and provides,

> Medical care shall be performed by qualified health care personnel pursuant to written protocol or order of the jail physician.  Verification of current credentials of each qualified health care personnel shall be maintained on file.

8

O.A.C. § 5120:1-8-09(G).  "When determining whether, in the absence of explicit language, a statute grants a private right of action, Ohio courts have used the test set forth in" *Cort v. Ash*, 422 U.S. 66 (1975); *Grey v. Walgreen Co.*, 967 N.E.2d 1249, 1252 (Ohio Ct. App. 2011) (citing *Strack v. Westfield Cos.*, 515 N.E.2d 1005 (Ohio Ct. App. 1986)):

> First, is the plaintiff "one of the class for whose especial benefit the statute was enacted," — that is, does the statute create a federal right in favor of the plaintiff?  Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?  Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?  And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort*, 422 U.S. at 78 (citations omitted).  More recently, however, the Ohio Court of Appeals has focused solely on the second *Cort* factor; *Grey*, 967 N.E.2d at 1252-53 ("The United States Supreme Court has gradually focused on the single factor of whether there was a legislative intent to grant a private right of action") (citing *Alexander v. Sandoval*, 532 U.S. 275 (2001)); *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979).

> "[T]he relevant inquiry for determining whether a private right of action exists appears to have two steps: (1) Did Congress intend to create a personal right? and (2) Did Congress intend to create a private remedy?  Only if the answer to both of these questions is 'yes' may a court hold that an implied private right of action exists under a federal statute."[1]

---

[1] The rule articulated by the Ohio Court of Appeals in *Grey v. Walgreen Co.*, 967 N.E.2d 1249, refers to the intent of Congress and the interpretation of a

9

*Id*. (quoting *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3rd Cir. 2007)).  *See also Fawcett v. G.C. Murphy & Co.*, 46 Ohio St.2d 245, 249 (Ohio 1976) (refusing to "read [] a remedy into" O.R.C. § 4101.17 where there was no "clear implication" that the legislature "intended to create a civil action for damages for the breach of [§] 4101.17").

As noted *supra*, plaintiff alleges that defendants violated O.A.C. § 5120:1-8-09(G).  *Amended Complaint*, ¶¶ 36-39; *Plaintiff's Response*, pp. 6-7.  Nothing in that regulation suggests an intention to create a personal right or a private remedy.  In fact, nothing in Chapter 5120:1-8 of the Ohio Administrative Code, which governs full service jails, suggests an intention to create a private cause of action.  Chapter 5120:1-8 was enacted under the authority of O.R.C. § 5120.10(A)(1), which provides that the "director of rehabilitation and correction, by rule, shall promulgate minimum standards for jails in Ohio."  The Ohio Revised Code expressly provides that these "minimum standards," which includes the provisions of O.A.C. Chapter 5120:1-8, "serve as criteria for the investigative and supervisory powers and duties vested . . . in the division of parole and community services of the department of rehabilitation and correction[2] or in another division of the department to which those powers and duties are assigned."  O.R.C. § 5120.10(A)(2).

The express intention of the Ohio legislature, as reflected in

---

federal statute; however, that court applied the rule in its construction of an Ohio statute.  *See id*. at 1252-54.

[2] The division of parole and community services is vested with, *inter alia*, the powers and duties of "investigation and supervision of county and municipal jails . . . and other correctional institutions and agencies." O.R.C. § 5120.10(D)(1).

10

O.R.C. § 5120.10, does not contemplate a private cause of action for a violation of the provisions of O.A.C. Chapter 5120:1-8.  Furthermore, plaintiff has not referred to, and the Court has not found, any Ohio authority even suggesting that O.A.C. § 5120:1-8-09 creates a private cause of action in a prison inmate.  Under the circumstances, the Court cannot permit plaintiff's claims premised on a violation of O.A.C. § 5120:1-8-09(G) to proceed; to hold otherwise would circumvent the express intent of the Ohio legislature.  Accordingly, it is **RECOMMENDED** that plaintiff's claims for violations of O.A.C. § 5120:1-8-09 be **DISMISSED**.

Finally, plaintiff asserts state law claims for medical negligence against defendants Gardner and Dr. Eddy.  *Amended Complaint*, ¶¶ 32-35.  The *Amended Complaint* alleges that these defendants owed to plaintiff a duty to keep him safe, to protect him from unnecessary harm, and to exercise reasonable and ordinary care for his life and health.  *Id*.  The *Amended Complaint* also alleges that defendants acted in breach of this duty by negligently failing to provide medical care for plaintiff's hand and that, as a result, plaintiff suffered additional injuries.  *Id*.  These allegations are, in the view of this Court, sufficient to state a colorable negligence claim against defendants Gardner and Dr. Eddy.  The Court notes, however, that the parties have not addressed the issue of immunity under state law, despite a reminder by this Court that Ohio law requires state law claims against state officials to first be brought before the Ohio Court of Claims for a determination of the issue of

11

immunity under state law.³ *Order*, Doc. No. 4, pp. 1-2 (citing *Cameron v. Children's Hosp. Med. Ctr.*, 131 F.3d 1167, 1169-70 (6th Cir. 1997); *Underfer v. Univ. of Toledo*, 36 F. App'x 831, 835 (6th Cir. 2002); O.R.C. § 2743.02(F)); *see also Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). The Court therefore concludes that dismissal of plaintiff's state law medical negligence claims against defendants Gardner and Dr. Eddy is not appropriate at this juncture.

**WHEREFORE**, based on the foregoing, it is **RECOMMENDED** that defendants' *Motion to Dismiss*, Doc. No. 14, be **GRANTED in part and DENIED in part.**  It is **SPECIFICALLY RECOMMENDED** that the claims against defendants Joel E. Kaye, M.D., Charles H. Muncrief, D.O., and S. Douglas Haas, M.D., be **DISMISSED without prejudice** for insufficiency of service of process**,** that all claims against defendants Mary Lawrence and Mary Roush be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted**,** and

---

³ "A federal court exercising pendent jurisdiction sits as a court of the forum state and is bound to apply its substantive law." *Haynes,* 887 F.2d at 705 (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09 (1945)).  Ohio Revised Code § 9.86 confers civil immunity to state officers and employees:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

O.R.C. § 9.86.  Ohio Revised Code § 2743.02(F) "requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86." *Haynes*, 887 F.2d at 705.

12

that plaintiff's state law claims against all defendants for violation of O.A.C. § 5120:1-8-19, O.A.C. § 5120:1-8-09, and O.R.C. § 5120.01 be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  It is **FURTHER RECOMMENDED** that, as it relates to plaintiff's federal claims under 42 U.S.C. § 1983 and state law claims of medical negligence against defendants John Gardner and Dr. Andrew Eddy, the *Motion to Dismiss*, Doc. No. 14, **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

July 23, 2013                                    *s/Norah McCann King*
                                                  Norah M$^c$Cann King
                                       United States Magistrate Judge

13